Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TEXKHAN, INC., a California Corporation, individually and doing business as HYUP SUNG T.R.D.,

Plaintiff,

v.

INSPIRE, a California business entity of unknown form; RAINBOW USA, INC., a New York Corporation; ROSS STORES, INC., a California Corporation; K & L WHOLESALES CORP., a California Corporation, individually and d/b/a "IRIS"; and DOES 1 through 10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

Jury Trial Demanded

- 1 -

COMPLAINT

Plaintiff, TEXKHAN, INC., individually and doing business as HYUP SUNG T.R.D., by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the state of California with its principle place of business in Los Angeles County, and is doing business as HYUP SUNG T.R.D., a Korean corporation that conducts business in California and Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant INSPIRE is a business entity of unknown form organized and existing under the laws of the state of California, with its principal place of business located at 304 Plaza Drive, West Covina, California 91790 and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant RAINBOW USA INC. ("RAINBOW") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 1000 Pennsylvania Avenue, Brooklyn, New York 11207 and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant ROSS

- 2 -

COMPLAINT

STORES, INC. ("ROSS") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 5130 Hacienda Drive, Dublin, California 94568 and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that K & L WHOLESALES CORP., individually and doing business as "IRIS" (collectively "IRIS") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 2009 E. 25th Street, Los Angeles, California 90058 and is doing business in and with the state of California.

9. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN HA-2966

11. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth hereinbelow. It allocated this artwork Plaintiff's internal design number HA-2966 (hereinafter "Subject Design A"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

12. Plaintiff applied for and received a United States Copyright Registration for Subject Design A.

13. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

14. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, IRIS, INSPIRE, ROSS, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are identical to or substantially similar to Subject Design A (hereinafter "Infringing Garments A"). Such Infringing Garments A include, but are not limited to:

    a.) garments sold by ROSS under Style No. D1030 C3621. Such garments bore the "Iris" label and identifying information indicating said garments were manufactured and/or supplied by IRIS. Below is a comparison of Subject Design A and one exemplar one such Infringing Garment A:

///

///

| Subject Design A | Example Infringing Garment A |
|---|---|
|  | Detail |
|  | Garment |

b.) garments sold by INSPIRE under Style or SKU No. ID1675. Such garments bore the "Iris" label and identifying information indicating said

- 5 -

COMPLAINT

garments were manufactured and/or supplied by IRIS. Below is a comparison of Subject Design A and one exemplar one such Infringing Garment A:

| Subject Design A | Example Infringing Garment A |
|---|---|
| ![Subject Design A] | Detail <br>Garment  |

15. The above comparisons make apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## **CLAIMS RELATED TO DESIGN HA-3049**

17. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth hereinbelow. It allocated this artwork Plaintiff's internal design number HA-3049 (hereinafter "Subject Design B" and collectively with Subject Design A, "Subject Designs"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

18. Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

19. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, IRIS, RAINBOW, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are identical to or substantially similar to Subject Design B (hereinafter "Infringing Garments B" and collectively with Infringing Garments B, "Infringing Garments"). Such Infringing Garments B

include, but are not limited to RAINBOW garments sold under SKU No. 00190487350158005. Such garments bore the "Iris" label and identifying information indicating said garments were manufactured and/or supplied by IRIS. Below is a comparison of Subject Design B and one exemplar one such Infringing Garment B:

| Subject Design B | Example Infringing Garment B |
|---|---|
|  | Detail<br><br>Garment<br> |

- 8 -

COMPLAINT

20. The above comparison makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

22. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

24. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and

supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

26. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

27. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

- 10 -

COMPLAINT

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

30. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above,

which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against All Defendants

36. <u>With Respect to Each Claim for Relief</u>

    a. That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    d. That Plaintiff be awarded pre-judgment interest as allowed by law;

    e. That Plaintiff be awarded the costs of this action; and

    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: May 24, 2016  By:  /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff